UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BRYAN GOYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 21-cv-2059-JTF-atc |
| | ) | |
| ASHE "CAMP ADMIN" UNITED STATES OF AMERICA, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER MODIFYING THE DOCKET;
DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE IN PART AND
WITHOUT PREJUDICE IN PART; AND
GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE**

On January 28, 2021, Plaintiff Bryan Goyer, Federal Bureau of Prisons register number 24771-076, who is incarcerated at the Federal Correctional Institution, Milan (the "FCI-Milan") in Milan, Michigan[1] filed (1) a *pro se* complaint pursuant to 28 U.S.C. § 1346 and (2) a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On April 2, 2021, the Court granted leave to proceed *in forma pauperis* and assessed the $350.00 filing fee. (ECF No. 4.)

The complaint (ECF No. 1) is before the Court.

For the reasons explained below, the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE in part and DISMISSED WITHOUT PREJUDICE in part. Leave to amend the claims dismissed without prejudice is GRANTED.

---

[1] *See* https://www.bop.gov/locations/institutions/mil/ (last accessed Mar. 23, 2023); *see also* ECF No. 5 (Goyer's January 4, 2023 letter notifying the Court of Goyer's facility transfer to the FCI-Milan).

I.  **BACKGROUND**

Goyer alleges that when he arrived at the Federal Correctional Institute-Memphis (the "FCI-Memphis") on December 27, 2016, "a health screen was completed, [but] I was not provided routine lab work." (ECF No. 1-1 at PageID 7.) Sometime during Goyer's confinement, he was transferred to Satellite Prison Camp, Millington (the "SPC-Millington") in Millington, Tennessee, where he remained for two years. (ECF No. 1 at PageID 4.)

Goyer says that on July 30, 2018, he exercised twice at the SPC-Millington, performed his prison job, napped in his cell, and "did not awake again until 8/6/2018." (*Id*. at PageID 2.) Goyer's fellow inmates thought that Goyer was having a seizure, and they notified jail personnel. (*Id*. at PageID 3-4.) Goyer was transported to Methodist Le Bonheur Healthcare. (*Id*. at PageID 4.) Goyer alleges that he had suffered "a diabetic attack." (*Id*. at PageID 2 (the "Incident").)

Goyer claims that his blood sugar levels were never checked during his confinement at the SPC-Millington, "which could have detected if [I] was a diabetic." (*Id*.) Goyer contends that "had I known I was a diabetic, I would have [observed] proper dieting." (ECF No. 1-1 at PageID 7.) Goyer alleges that he "was denied and/or delayed medical treatment by trained healthcare professionals" during the Incident "largely due to the fact that SPC-Millington does not have medical staff available 24 hours." (ECF No. 1 at PageID 4-5.) Goyer claims that he "was in extreme pain and mild pain every day for approximately 6 months where I had to perform physical therapy on myself." (ECF No. 1-1 at PageID 9.) Goyer says that he "has been and will continue to be in great physical, mental, and emotional pain and distress." (ECF No. 1 at PageID 6.)

The complaint asserts claims of: (1) violation of the Federal Tort Claims Act, 28 U.S.C. § 261, *et seq*.; (2) deprivation of medical care in violation of the Eighth Amendment (ECF No. 1 at

2

PageID 4-6; ECF No. 1-1 at PageID 8-9); and (3) use of excessive force (ECF No. 1-1 at PageID 8.)

Goyer seeks: (1) declaratory relief; (2) injunctive relief; and (3) three million dollars ($3,000,000.00) in damages.  (ECF No. 1 at PageID 6; ECF No. 1-2 at PageID 12.)

Goyer sues "B. Ashe 'Camp Admin' United States of America" as the Defendant.  (*Id*. at PageID 1.)  The Clerk is directed to MODIFY the docket to record the Defendants as: (1) B. Ashe, the SPC-Millington Camp Administrator; and (2) the United States of America ("USA").

## II.   LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Federal Rule of Civil Procedure 8 provides guidance on this issue.  Although Rule 8 requires a complaint to contain "a short and plain

3

statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### III.   ANALYSIS

#### A.   FTCA Claim Against Ashe

Goyer sues the Ashe as SPC-Millington's "Camp Admin." (ECF No. 1 at PageID 1.)

The SPC-Millington is a satellite prison camp of the Federal Bureau of Prisons (the "BOP"). (*See* https://www.bop.gov/locations/institutions/mem/ (last accessed Mar. 23, 2023).) The BOP is a federal law enforcement agency within the Department of Justice. (*See* https://www.justice.gov/agencies/chart/map (last accessed Mar. 23, 2023).)

The FTCA provides a cause of action against the USA for personal injury or property loss suffered as a result of the negligence of a federal government employee. 28 U.S.C. § 2679(b)(1); *Jackson v. United States*, 24 F. Supp. 2d 823, 832 (W.D. Tenn. 1998) (citing *Flechsig v. United States*, 991 F.2d 300, 303 (6th Cir. 1993)). The FTCA requires a plaintiff to exhaust his

administrative remedies before filing suit under the FTCA. 28 U.S.C. § 2675(a). Goyer exhausted his administrative remedies before filing the instant lawsuit. (*See* ECF No. 1-2 at PageID 11-13 (Goyer's March 30, 2020 administrative claim and the BOP's September 30, 2020 claim denial.)

The USA is the only proper defendant for clams under the FTCA. *Jones v. Johns*on, 707 F. App'x 321, 331 (6th Cir. 2017) (citing 28 U.S.C. § 2679(b)(1)). "In order to sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant." *Harris v. Federal Med. Ctr., Fort Worth*, No. 4:06-cv-701, 2007 WL 836828, at *2 (N.D. Tex. Mar. 20, 2007).[2] Goyer cannot sue Ashe under the FTCA.

Goyer's claim under the FTCA against Ashe fails to state a claim to relief as a matter of law and is DISMISSED WITH PREJUDICE.

### B. FTCA Claim Against The USA

Goyer asserts a claim under the FTCA on the grounds that (1) his "blood A1C levels w[ere] never checked …[when] I arrived at FCI-Memphis on December 27, 2016 … [or] while [I] [was] held at SPC-Millington for 2 years" and (2) the SPC-Millington failed to provide medical treatment during the Incident because the jail "does not have medical staff available 24 hours." (ECF No. 1 at PageID 1 & 4; ECF No. 1-1 at PageID 7 (the "FTCA Claim").) Goyer's FTCA Claim alleges medical malpractice. (*See* ECF No. 1 at PageID 5 (alleging that "prison officials" committed "negligence"); ECF No. 1-1 at PageID 8 (alleging that "my injuries were suffered as a direct result of staff negligence").) The FTCA Claim arose during Goyer's confinement at the FCI-Memphis and SPC-Millington, which spanned December 27, 2016 through July 30, 2018. (ECF No. 1 at PageID 2 & 4; ECF No. 1-1 at PageID 7.)

---

[2] *Accord Burns v. United States Dep't of Justice*, 864 F. Supp. 80, 81 (N.D. Ill. 1994) ("[F]ederal agencies or employees may not be named [as defendants in an FTCA case]").

1.  **FTCA Statute Of Limitations**

The FTCA contains a two-part statute of limitations for cases brought in federal court. First, the claimant must present the claim "to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).[3] Second, after the claim is "finally denied by the agency in writing," 28 U.S.C. § 2675(a)[4], the claimant must file in federal court "within six months after the date of mailing, by certified or registered mail, of notice of final denial." 28 U.S.C. § 2401(b). Federal law determines when an FTCA claim accrues. *Chomic v. United States,* 377 F.3d 607, 610 (6th Cir. 2004). Tort claims under the FTCA accrue at the time of a plaintiff's injury, and "accrual of a claim does not await awareness by the plaintiff that his injury was negligently inflicted." *Wood v. Wilson*, No. 21-5153, 2021 WL 7161614, 2021 WL 7161614, at *3 (6th Cir. Sept. 29, 2021) (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979) and *Hertz v. United States*, 560 F.3d 616, 618 (6th Cir. 2009)).

Goyer submitted his administrative claim to the Mid-Atlantic Regional Office of the BOP on March 30, 2020 – *i.e.*, within two years of the July 30, 2018 Incident. The BOP denied Goyer's administrative claim on September 30, 2020 (the "BOP Denial"). (ECF No. 1-2 at PageID 13; ECF No. 1-2 at PageID 12.) Goyer satisfied the first part of the FTCA's statute of limitations.

---

[3] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

[4] "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

Goyer filed the instant lawsuit on January 19, 2021 – *i.e.*, within six months of the BOP Denial. (ECF No. 1-1 at PageID 10 (deemed filed on January 19, 2021); *see Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (adopting the mailbox rule for federal *pro se* prisoner filings).) Goyer satisfied the second part of the FTCA's statute of limitations.

The FTCA's statute of limitations is not, however, the only hurdle that Goyer must satisfy to assert his FTCA Claim.

### 2. **FTCA Statute Of Repose**

"Unlike a statute of limitations, which eliminates the remedy available to plaintiffs, [a] statute of repose extinguishes the cause of action itself … Tennessee's statute of repose is a substantive requirement, not just a procedural hurdle." *Eiswert v. United States*, No. 2:11-cv-304, 2013 WL 12214455, at *1 (E.D. Tenn. Sept. 30, 2013), *remanded on other grounds*, 639 F. App'x 345 (6th Cir. 2016). The substantive limitations of state statutes of repose apply to FTCA suits because the FTCA permits liability only where the United States would, if it were a private person, be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Id.* ("Federal law incorporates state substantive law for the purposes of FTCA claims") (citing 28 U.S.C. § 2674).

Tennessee law has a three year statute of repose that "sets an absolute limit on the time in which a plaintiff may bring a medical malpractice action." *Mills v. Wong.* 155 S.W.3d 916, 920 (Tenn. 2005); Tenn. Code Ann. § 29–26–116(a)(3).[5] "The running of the statute of repose has a substantive effect." *Calaway ex rel. Calaway v. Schucker,* 193 S.W.3d 509, 516 (Tenn. 2005).

---

[5] "In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant[,] in which case the action shall be commenced within one (1) year after discovery that the cause of action exists." Tenn. Code Ann. § 29–26–116(a)(3).

7

The Incident that Goyer complains of occurred on July 30, 2018. (ECF No. 1 at PageID 2.) To the extent the FTCA Claim arises from that Incident, Tennessee's medical malpractice statute of repose time limit expired on July 30, 2021. Goyer filed suit on January 19, 2021. (ECF No. 1-1 at PageID 10.) To the extent the FTCA Claim against the USA arises from the Incident, Goyer meets Tennessee's statute of repose.

However, to the extent the FTCA Claim arises from the USA's supposed failure to test Goyer's blood sugar levels between December 27, 2016, and January 19, 2018 (ECF No. 1-1 at PageID 7), Goyer has no cognizable claim. Any alleged wrongdoing by the USA that occurred more than three years prior to January 19, 2021 – *i.e.*, when Goyer filed the instant case – cannot give rise to an actionable claim because it violates Tennessee's three-year statute of repose. To the extent the FTCA Claim against the USA is based on medical malpractice during the period December 27, 2016 through January 19, 2018, it is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

The Court now turns to screening Goyer's FTCA allegations that satisfy Tennessee's statute of repose.

### 3. FTCA Claim Against The USA Arising From (a) The Incident And (b) Alleged Medical Malpractice During The Period January 20, 2018 Through January 19, 2021

The FTCA provides, in pertinent part:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674. The FTCA does not create a new cause of action. *Chomic*, 377 F.3d at 611 (citing *Feres v. United States,* 340 U.S. 135 (1950)). The FTCA "merely provided for the acceptance of liability under circumstances that would bring private liability into existence." *Id.*

(citing *Feres*, 340 U.S. at 141).  Under the FTCA, the United States may be held liable for negligence, which includes claims of medical malpractice, only "in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  Goyer's FTCA Claim is governed by Tennessee law because the alleged acts and omissions giving rise to (1) the Incident and (2) alleged malpractice during the period January 20, 2018 through January 19, 2021 occurred at the FCI-Memphis and the SPC-Millington, which are both in Tennessee.  *See Ward v. United States.* 838 F.2d 182, 184 (6th Cir. 1988).

Under Tennessee law, "[a] claim of common law negligence requires proof of the following elements: a duty of care owed by the defendant to the plaintiff; conduct falling below the applicable standard of care that amounts to a breach of that duty; an injury or loss; cause in fact; and proximate or legal cause." *Gunter v. Lab. Corp. of Am.,* 121 S.W.3d 636, 639 (Tenn. 2003).  The elements of proof for negligence and malpractice actions overlap[6]:

> Medical malpractice actions are specifically controlled by the medical malpractice statute, Tenn. Code Ann. § 29–26–115, which essentially codifies the common law elements of negligence [and] places on the claimant the burden of proving the following statutory elements: (1) the recognized standard of professional care; (2) that the defendant failed to act in accordance with the applicable standard of care; and (3) that as a proximate result of the defendant's negligent act or omission, the claimant suffered an injury which otherwise would not have occurred.

*Id.* at 639–40; *accord Rye v. Women's Care Ctr. of Memphis, MPLLC,* 2014 WL 903142, at *6 (Tenn. Ct. App. Mar. 10, 2014).

Goyer fails to allege facts demonstrating two elements for his FTCA Claim: (1) the USA's breach of the standard of professional care and (2) but-for causation and proximate causation.

---

[6] "Because medical malpractice is a category of negligence, the distinction between medical malpractice and negligence claims is subtle; there is no rigid analytical line separating the two causes of action." *Nixon v. United States*, No. 3:11-cv-0766, 2012 WL 3095398, at *1 (M.D. Tenn. July 30, 2012) (internal citation omitted).

9

First, Goyer fails to allege facts showing that the USA failed to act in accordance with the applicable standard of professional medical care. To begin, Goyer alleges that he was "not provided routine lab work" when he arrived at the SPC-Millington on an unspecified date. (ECF No. 1 at PageID 7.) Even if Goyer's allegation is true, nothing in the record suggests that the USA breached a duty of care by not screening his blood sugar levels. When Goyer's arrived at FCI Memphis on December 27, 2016, the usual health screen was administered. At that time, Goyer "did not identify any health issues or concerns." (ECF No. 1-2 at PageID 12.) Goyer does not even allege that he ever notified FCI-Memphis personnel or SPC-Millington personnel of diabetic-like symptoms. (ECF No. 1 at PageID 2.) In fact, Goyer's "usual routine" included twice daily exercise sessions of over two hours each. (*Id*.) Thus, the complaint's factual allegations contradict any suggestion that the USA had a duty to perform blood sugar testing or that the USA breached any standard of professional care.

Second, Goyer fails to allege facts demonstrating but-for cause and proximate cause. *See In re Blasingame*, 986 F.3d 633, 638 (6th Cir. 2021) ("To make out a prima facie claim of legal malpractice under Tennessee law, a plaintiff must show … the breach [of duty owed to plaintiff] was the but for cause of the plaintiff's damages and the breach was the proximate cause of the plaintiff's damages") (emphasis added). The "'but for' test … requires the plaintiff to [demonstrate] that it is more likely than not that the conduct of the defendant was a cause in fact of the result." *McClain v. United States*, 996 F. Supp. 2d 683, 692 (M.D. Tenn. 2014) ("A mere possibility of such causation is not enough"). For alleged wrongdoing to constitute proximate cause, "the tortfeasor's conduct must have been a 'substantial factor' in bringing about the harm being complained of." *Kim v. State of Tennessee*, 622 S.W.3d 753, 760 (Ct. App. Tenn. 2020) (citations omitted).

Goyer was "transported to the local hospital on July 30, 2018 due to significant changes in mental status consistent with synthetic drug use, including violent behavior requiring security and medical restraints. [Goyer] w[as] diagnosed and treated for disorder of kidney and ureter, altered mental status, other specified diabetes with ketoacidosis without coma, abnormal levels of other serum enzymes, acidosis, elevated white blood cell count, rhabdomyolysis, unspecified convulsion, and sepsis." (ECF No. 1-2 at PageID 12.) The record suggests several possible causes for the Incident. (*Id.*) However, Goyer alleges no facts demonstrating that the USA's failure to screen him for diabetes was the Incident's but-for cause and proximate cause. (*See* ECF No. 1-2 at PageID 12.) In other words, nothing in the complaint shows that the Incident was "more likely than not" caused by the USA's failure to screen Goyer for diabetes during the period January 20, 2018 – January 19, 2021. "[T]he mere occurrence of an injury does not prove negligence … Proof of negligence without proof of causation is nothing." *Kilpatrick v. Bryant*, 868 S.W.2d 594, 599 (Tenn. 1993). Goyer "strongly reject[s] the notion [in the BOP Denial] that I use any drugs" (ECF No. 1-1 at PageID 8), but his protest does not show that diabetes substantially caused the Incident.

The FTCA Claim against the USA arising from (1) the Incident and (2) alleged malpractice during the period January 20, 2018, through January 19, 2021 is DISMISSED WITHOUT PREJUDICE for failure to allege facts[7] stating a claim to relief.

---

[7] That Goyer failed to file a certificate of good faith as required by the Tennessee Health Care Liability Act does not require dismissal of the FTCA Claim. *See* Tenn. Code Ann. 29-16-122(a) ("[i]n any health care liability action in which expert testimony is required by [Tennessee law], the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint"); *see also Gallivan v. United States*, 943 F.3d 291, 294 (6th Cir. 2019) (noting that "although substantive state law governs the *merits* of a FTCA claim, the Federal Rules govern *procedural* issues", and finding that no Federal Rule of Civil Procedure requires litigants to file any affidavits of good faith in order to state a claim alleging medical negligence under the FTCA) (emphasis in original).

**C. Claims Against Ashe And The USA For (1) Deprivation Of Medical Care In Violation Of The Eighth Amendment and (2) Use Of Excessive Force**

Goyer alleges that Ashe and the USA denied adequate medical care in violation of the Eighth Amendment by failing to "have medical staff available on 7/30/2018 competent to examine Goyer and diagnos[e] his illness." (ECF No. 1 at PageID 4-5.) The Court construes Goyer's allegation as a claim for deprivation of medical care in violation of the Eighth Amendment ("Medical Care Claim") under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[8]

Goyer further alleges generally that he "was handled unprofessionally by untrained prison officials who used excessive force" during the Incident, "instead of treating the issue as a health crisis." (ECF No. 1-1 at PageID 8.) Goyer does not describe the forceful conduct or identify the relevant actors. The Court construes Goyer's allegation as a claim for excessive force in violation of the Eighth Amendment ("Excessive Force Claim"). *See generally Hudson v. McMillian*, 503 U.S. 1, 5 (1992).

Goyer's Medical Care Claim and Excessive Force Claim fail to state claims to relief for the following reasons:

---

[8] To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Ashe is not a state actor. (*See* ECF No. 1 at PageID 1 (Ashe is the Camp Administrator of the SPC-Millington, which is a BOP facility).) Ashe and the USA are federal actors. Therefore, Goyer's § 1983 claims arise, if at all, under *Bivens*. *See, e,g,*, *Nason v. United States Attorney's Office for Middle Dist. Of Tennessee*, No. 3:06-cv-0903, 2007 WL 1170742, at *1 (M.D. Tenn. Feb. 27, 2007) ("the claims in the instant case allege [constitutional] violations … by *federal* actors. Therefore, the plaintiff's claim for relief arises under *Bivens*") (emphasis in original). The decisional law for § 1983 claims and *Bivens* claims is essentially the same. *Butz v. Economou*, 438 U.S. 478, 498-504 (1978); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)

(1) The limitations period for § 1983 actions and *Bivens* actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634-35 (6th Cir. 2007); *Gray v. United States*, 556 F. Supp. 2d 832 (W.D. Tenn. Aug. 23, 2021 (the appropriate statute of limitations for a *Bivens* action arising in Tennessee is one year after the cause of action accrued).) "[F]ederal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) (citations omitted). The one-year period begins to run when the plaintiff "knows or had reason to know" of the alleged injury through "reasonable diligence." *Edison*, 510 F.3d at 635; *Sevier*, 742 F.2d at 272.

Goyer's Medical Care Claim and Excessive Force Claim arise from the July 30, 2018 Incident. The plausible inference from the complaint is that he knew or had reason to know of his alleged injuries at the time of the Incident. The time for Goyer to file his Medical Care Claim and Excessive Force Claim expired on July 31, 2019. *See* Tenn. Code Ann. § 28-3-104(a)(1)(B); *Edison*, 510 F.3d at 634-35. The Court treats January 19, 2021 as the date on which Goyer gave the complaint to prison authorities for mailing to the Court. (ECF No. 1-1 at PageID 10; *see also Houston*, 487 U.S. at 270 & 276.) Goyer filed the complaint over seventeen months after the statute of limitations expired. Goyer's Medical Care Claim and Excessive Force Claim against Ashe and the USA are time-barred by the statute of limitations.

(2) The complaint does not allege facts demonstrating Ashe's personal involvement in the Incident. *See Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) (to establish liability under § 1983 against an individual defendant acting under color of state law, a plaintiff must show that the defendant was "personally involved" in the unconstitutional incident).

13

(3) A prisoner "may not bring a *Bivens* claim against [a federal] officer's employer, the United States, or the BOP," see *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001), because *Bivens* claims against the United States and federal agencies are barred by sovereign immunity. *Franklin v. Henderson,* No. 00–4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001). The USA is immune from suit for the Medical Care Claim and Excessive Force Claim.

(4) A suit under *Bivens* may be brought only against individual officers for certain constitutional violations. See *Fagan v. Luttrell,* No. 97–6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000); *Miller v. Fed. Bureau of Investigation,* No. 96–6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998). Goyer's *Bivens* claims against Ashe are construed as official capacity claims because Goyer does not specify the capacity in which he sues Ashe. See *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002). Because "the real party in interest in an official-capacity suit is the entity represented and not the individual officeholder," *Bivens* does not permit suits against government employees in their official capacities. *Walter J. Himmelreich v. BOP*, No. 11-3474, 2012 WL 13226685, at *1 (6th Cir. May 7, 2012). Goyer's § 1983 claims under *Bivens* against Ashe in his official capacity fail as a matter of law.

For all of the above reasons, Goyer's Medical Care Claim and Excessive Force Claim against Ashe and the USA are DISMISSED WITH PREJUDICE.

IV. <u>**AMENDMENT UNDER THE PLRA**</u>

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear

14

that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court GRANTS leave to amend the complaint under the guidelines set forth below.

V.     **CONCLUSION**

For the reasons stated above:

A.     The following claims in the complaint (ECF No. 1) are DISMISSED WITH PREJUDICE: (1) Goyer's claim under the FTCA against Ashe, (2) Goyer's claim under the FTCA against the USA arising from alleged medical malpractice during the period December 27, 2016 through January 19, 2018, (3) Goyer's Medical Care Claim, and (4) Goyer's Excessive Force Claim.  Leave to amend those four claims is DENIED.

B.     The following claim in the complaint is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief:  Goyer's FTCA Claim against the USA arising (1) from the Incident and (2) from alleged malpractice during the period January 20, 2018 through January 19, 2021.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)-(2).  Leave to amend that claim is GRANTED.  An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Goyer's amended claims.  An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings.  Goyer must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an

amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.  Any amendment must be filed within twenty-one (21) days after the date of this Order and in accordance with the conditions described *supra*.

The Court grants Goyer one opportunity to amend.  If Goyer fails to amend his complaint in a timely manner, the Court will dismiss this case and enter judgment.  The Court recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

IT IS SO ORDERED, this 4th day of April, 2023.

/s/ *John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE