UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BRYAN GOYER, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | No. 21-cv-2059-JTF-atc |
| ) | |
| B. ASHE "CAMP ADMIN" and THE UNITED ) | |
| STATES OF AMERICA, ) | |
| ) | |
|    Defendants. ) | |

**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO AMEND (ECF NO. 7)
DENYING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* (ECF NO. 7);
DISMISSING THE AMENDED COMPLAINT (ECF NO. 8) WITH PREJUDICE;
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING GOYER OF THE APPELLATE FILING FEE;
AND NOTIFYING GOYER OF THE COURT'S STRIKE RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(g)**

Before the Court are *pro se* Plaintiff Bryan Goyer's: (1) "Motion To File Timely Appeal And Motion For Extension Of Time … To Amend", which he filed on May 1, 2023 (ECF No. 7 ("May 1 Motion")); and (2) "Motion To Amend Claims", which he filed on May 5, 2023. (ECF No. 8 ("May 5 Motion").)

For the reasons explained below: (1) the May 1 Motion (ECF No. 7) is DENIED to the extent Goyer seeks leave to appeal *in forma pauperis* the Court's April 4, 2023 "Order Dismissing The Complaint With Prejudice In Part And Without Prejudice In Part And Granting Leave To Amend The Claims Dismissed Without Prejudice" (ECF No. 6 ("Screening Order")); (2) the May 1 Motion (ECF No. 7) is GRANTED to the extent Goyer seeks an extension of time to amend the complaint's claims that the Court dismissed without prejudice in the Screening Order; (3) the May

5 Motion, which is construed as an amended complaint (ECF No. 8 "Amended Complaint"), is DISMISSED WITH PREJUDICE for failure to allege facts stating a claim to relief; and (4) leave to amend the Amended Complaint is DENIED.

## I. BACKGROUND

The factual and procedural background of the case is set forth in the Screening Order, which dismissed the complaint (ECF No. 1) with prejudice in part and without prejudice in part. (*See* ECF No. 6 at PageID 26-27.) In the Screening Order, the Court granted leave to amend, within twenty-one (21) days, Goyer's claim under the Federal Tort Claims Act, 28 U.S.C. § 261, *et seq.* ("FTCA") against Defendant United States of America ("USA") arising (1) from the Incident[1] and (2) from alleged malpractice during the period January 20, 2018 through January 19, 2021 (referred to as the "Claim Dismissed Without Prejudice"). (*Id*. at PageID 39.) Pursuant to the Screening Order, Goyer's deadline to amend the Claim Dismissed Without Prejudice was Tuesday, April 25, 2023. On April 4, 2023, the Clerk of Court mailed the Screening Order to Goyer at the Federal Correctional Institute in Milan, Michigan ("FCI-Milan").[2]

## II. THE MAY 1 MOTION

### A. Request For Extension Of Time To Amend

In the May 1 Motion, Goyer "asks the Court for an extension of time to amend his complaint due to late notification of … [the] Court's [Screening Order] decision." (ECF No. 7 at PageID 42.) Goyer alleges that he received the Screening Order on April 21, 2023. (*Id*. at PageID 41.)

---

[1] *See* ECF No. 6 at PageID 26.

[2] *See* ECF No. 5 (Goyer's January 4, 2023 letter notifying the Court of Goyer's facility transfer to the FCI-Milan).

2

For good cause shown, the Court GRANTS the May 1 Motion (ECF No. 7) to the extent Goyer seeks an extension of time to amend the Claim Dismissed Without Prejudice. The May 5 Motion (ECF 8) is construed as Goyer's amendment of the Claim Dismissed Without Prejudice. The instant Order will screen the Amended Complaint (ECF No. 8) pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. ("PLRA").

**B.  Request For Leave To Appeal The Screening Order**

In the May 1 Motion, Goyer also seeks to "file timely appeal with prejudice in part [sic]." (ECF No. 7 at PageID 41.) Goyer's request is construed as an application seeking leave to appeal *in forma pauperis* the Screening Order's dismissal of the Claims Dismissed With Prejudice. For two reasons, Goyer's request is not well taken.

First, the Screening Order's dismissal of the complaint with leave to amend is neither an appealable final order nor an appealable interlocutory or collateral order.

The dismissal of an action without prejudice may be appealable. *See* 28 U.S.C. § 1291 ("The court of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States"). The appealability inquiry turns on whether a dismissal without prejudice constitutes a final order under § 1291. *Azar v. Conley*, 480 F.2d 220, 222-23 (6th Cir. 1973) (internal citations omitted). "For a dismissal without prejudice to be inherently final, it must, as a practical matter, prevent the parties from further litigating the merits of the case in federal court." *Robert N. Clemens Tr. v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 845 (6th Cir. 2007) (internal citation omitted). "Courts of appeals have uniformly held that an order dismissing a complaint is not a final order when it is possible for a plaintiff to file an amended complaint resurrecting the lawsuit." *Network Commc'n v. Mich. Bell Tel. Co.*, 906 F.2d 237, 238 (6th Cir. 1990) (citing cases). The Screening Order is not an appealable final decision because the Court

"dismiss[ed] [the] complaint, as opposed to [the] action." *See Thompson v. Mich. Dep't of Corr.*, 23 F. App'x 486, 487-88 (6th Cir. 2001). The Screening Order did not, "as a practical matter, prevent the parties from further litigating the merits of the case in federal court." *See United States v. Yeager*, 303 F.3d 661, 664 (6th Cir. 2002). The Screening Order is a non-appealable nonfinal order because the Court granted leave to amend the complaint (ECF No. 6 at PageID 39-40) and did "not ... enter[ ] a final judgment." *See Clemens*, 485 F.3d at 845.

Second, the May 1 Motion would not, in any event, satisfy the requirements of 28 U.S.C. § 1915(a) to proceed *in forma pauperis* on appeal.

To ensure access to the courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a). The Court must conduct a satisfactory inquiry into a plaintiff's ability to pay the filing fee and prosecute the lawsuit. *Id*. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form[3] and execute the affidavit in compliance with the certification requirements in 28 U.S.C. § 1746. *See Neal v. Shelby Cnty. Gov't Cnty. Services Agency*, No. 08-2160, 2008 WL 11498159, at *1 (W.D. Tenn. Aug. 1, 2008) (citing *Reynolds v. Fed. Bur. of Prisons*, 30 F. App'x 574 (6th Cir. 2002)).

---

[3] *See* https://www.tnwd.uscourts.gov/sites/tnwd/files/AO240_0.pdf (last accessed Nov. 6, 2023).

4

Here, Goyer's May 1 Motion does not include a properly completed *in forma pauperis* affidavit.

For the reasons explained above, the May 1 Motion (ECF No. 7) is DENIED to the extent Goyer seeks leave to appeal *in forma pauperis* the Screening Order's dismissal of the Claims Dismissed With Prejudice.

### III.     THE MAY 5 MOTION (THE AMENDED COMPLAINT)

In the initial complaint (ECF No. 1), Goyer alleged that the USA breached a duty of care by: (1) not checking his blood sugar levels during his confinement at the SPC-Millington[4]; and (2) "den[ying] and/or delay[ing] medical treatment [to Goyer] by trainer healthcare professionals" during the Incident (*see* ECF No. 6 at PageID 26) "largely due to the fact that SPC-Millington does not have medical staff available 24 hours." (ECF No. 1 at PageID 4-5.)  In the Screening Order, the Court (1) dismissed the following claims with prejudice: (a) Goyer's claim under the FTCA against Ashe; (b) Goyer's claim under the FTCA against the USA arising from alleged medical malpractice during the period December 27, 2016 through January 19, 2018; (c) Goyer's Medical Care Claim; and (d) Goyer's Excessive Force Claim (collectively, the "Claims Dismissed With Prejudice"); and (2) granted leave to amend the Claim Dismissed Without Prejudice. (ECF No. 6 at PageID 28-32 & 36-39.)

In the Amended Complaint, Goyer alleges that the USA "violate[d] its duty of care owed to the Plaintiff" because SPC-Millington officers did not observe "Guidelines For Duty Officers Reporting To High Levels, Responsibilities, Confidentiality, And Documentation."  (ECF No. 8

---

[4] Goyer alleged that when he arrived at the Federal Correctional Institute-Memphis (the "FCI-Memphis") on December 27, 2016, "a health screen was completed, [but] I was not provided routine lab work." (ECF No. 1-1 at PageID 7.) Sometime during Goyer's confinement, he was transferred to Satellite Prison Camp, Millington (the "SPC-Millington") in Millington, Tennessee, where he remained for two years.  (ECF No. 1 at PageID 4.)

5

at PageID 44-45 (citing to ECF No. 8 at PageID 55-59) (referred to as the "Procedures").) The Procedures cited by Goyer set types of situations at Federal Bureau of Prisons ("BOP") facilities for which a duty officer must report such incident to a regional duty officer. (*See id*. at PageID 55-59; *see also* https://www.bop.gov/policy/progstat/5502_011.pdf (last accessed Jan. 16, 2024).) Goyer alleges that when the Incident occurred, "911 was supposed to be called immediately. Instead, Mr. Goyer was forced to sit for an hour and plus minutes having multiple seizures as his condition worses [sic]." (ECF No. 8 at PageID 48.) As pertinent to the claims in the Amended Complaint, the Procedures do not (1) address whether a duty officer must immediately contact outside medical personnel for particular types of prisoner medical situations or (2) set forth the time within which BOP personnel must transport an inmate to an outside medical facility in health emergencies. (*See id*. at PageID 55-59; *see also* https://www.bop.gov/policy/progstat/5502_011.pdf (last accessed Jan. 16, 2024).)

Goyer further alleges that "staff avoided use of [a] video camera" during the Incident. (ECF No. 8 at PageID 48.) The Procedures do not address whether BOP personnel are required to videorecord particular types of medical incidents at BOP facilities. (*See* ECF No. 8 at PageID 55-59; *see also* https://www.bop.gov/policy/progstat/5502_011.pdf (last accessed Jan. 16, 2024).

Like the initial complaint (ECF No. 1 at PageID 1), the Amended Complaint sues "Ashe 'Camp Administra' [sic] United States of America" as Defendant. (ECF No. 8 at PageID 44.) In the Amended Complaint, Goyer seeks "relief on all claims." (*Id*. at PageID 49.)

As explained below, the Amended Complaint alleges no new or different facts that alter the Screening Order's conclusion about the Goyer's FTCA claim against the USA arising from (1) the Incident and (2) alleged medical malpractice during the period January 20, 2018 through January 19, 2021 (*see* ECF No. 6 at PageID 32).

### A. The Amended Complaint Does Not Allege Facts Demonstrating The USA's Breach Of The Applicable Standard Of Care

First, Goyer's allegations in the Amended Complaint do not demonstrate that the USA failed to act in accordance with the applicable standard of care. For the purpose of screening Goyer's claims under the PLRA, the Court accepts as true the Amended Complaint's allegation that the Procedures set forth the USA's duty of care. (*See* ECF No. 8 at PageID 44-45.) Goyer does not allege facts showing that the USA breached that standard of care during the Incident.

The Procedures require a BOP institution's duty officer to report various types of incidents to the regional duty officer, including but not limited to reporting an "[e]mergency outside medical trip." (*See* ECF No. 8 at PageID 55.) Goyer acknowledges that Officer Danner and Officer Mitchell submitted reports about the Incident. (*Id*. at PageID 45 & 51-52.) Goyer's dispute of the Officers' reports is about the reports' content, not the reports' issuance itself. Specifically, Goyer contends that Officer Mitchell later changed his first written report about the Incident in order to match Officer Danner's report saying Goyer was "combative" during the Incident. (*Id*. at PageID 45 & 52.) Goyer argues that Officer Mitchell changed his report to "cover up the wrongful acts" of there being "almost an hour and a 10 mins gap between [the] Incident and Goyer receiving aid." (*Id*. at PageID 45 & 52.) Notwithstanding Goyer's dissatisfaction with the contents of Officer Mitchell's incident report, Officer Mitchell submitted a report to the BOP about the Incident, as the Procedures require. (*Id*. at PageID 52.) The Amended Complaint does not allege facts demonstrating that the USA breached the Procedures, which Goyer points to as the applicable duty of care governing officers' conduct during the Incident. (ECF No. 8 at PageID 44-45.)

Even if the Amended Complaint is construed more liberally to allege a breach of the duty of care to get outside medical attention for Goyer when the Incident occurred, the outcome is the same. Goyer alleges that "the Incident occurred at 2:45 a.m.. Goyer was not admitted [to

7

Methodist Le Bonheur Healthcare] until 3:51 a.m." (ECF No. 8 at PageID 45; *see also* ECF No. 1 at PageID 4.) However, there are no factual allegations in the Amended Complaint from which to plausibly infer that the sixty-six minutes it took for SPC-Millington officers to (1) learn from an inmate that Goyer was having a seizure (*see* ECF No. 1 at PageID 3-4), (2) respond to the scene (*id*.), and (3) transport Goyer roughly twenty-five to thirty miles from the SPC-Millington to Methodist Le Bonheur Healthcare[5] constituted "negligent" conduct (*see* ECF No. 8 at PageID 45) -- rather than average emergency medical response time. Goyer offers the conclusory contention that "all events occurred" due to "the Defendant[s'] negligent act or omission" because "911 should have been called immediately." (*Id*. at PageID 46 & 49.) Goyer, however, has not demonstrated that the Procedures required the USA to contact 911 the instant SPC-Millington officers learned from another inmate that Goyer was experiencing a medical issue. Goyer contends that he suffered "injury that would not have occurred had the USA proceeded according to law (Tennessee)." (*Id*. at PageID 49.) He does not cite any provision of Tennessee law that mandates an immediate call by the BOP to 911 before (1) confirming a prisoner's report of a fellow inmate's purported medical emergency, (2) evaluating the inmate-patient's condition, (3) triaging the situation by onsite personnel, and (4) ensuring facility security. The Court is not aware of any such Tennessee state law.

The Amended Complaint fails to allege facts showing that the USA failed to act in accordance with the applicable standard of care.

### B. The Amended Complaint Does Not Allege Facts Demonstrating Causation

Second, Goyer fails to allege facts in the Amended Complaint that demonstrate (1) but-for and (2) proximate cause. Instead, Goyer offers only the unsupported legal conclusion that "all

---

[5] *See* https://tn211.myresourcedirectory.com/?option=com_cpx&task=resource&id=817789 (last accessed Nov. 6, 2023); and https://www.methodisthealth.org/locations/ (last accessed Nov. 6, 2023).)

8

events occurred as a proximate result of the Defendant[s'] negligent act or omission." (ECF No. 8 at PageID 49.)

As noted in the Screening Order, the record suggests several possible causes for the Incident: "[Goyer] w[as] diagnosed and treated … [at] the local hospital on July 30, 2018 … for disorder of kidney and ureter, altered mental status, other specified diabetes with ketoacidosis without coma, abnormal levels of other serum enzymes, acidosis, elevated white blood cell count, rhabdomyolysis, unspecified convulsion, and sepsis" (referred to as the "Symptoms"). (*See* ECF No. 6 at PageID 35 (citing ECF No. 1-2 at PageID 12).) Goyer denies that illegal drug use caused the Incident. (ECF No. 8 at PageID 48.) Even accepting his allegation as true, the Amended Complaint alleges no facts showing that the USA's alleged failure to follow the Procedures caused the Symptoms and Goyer's injuries from the Incident. That pleading defect is dispositive of the screening of Goyer's FTCA claim.

Even if, for the purpose of discussion, the Court accepts as true Goyer's allegation that SPC-Millington staff did not call 911 "immediately" on learning of Goyer's seizure (*see* ECF No. 8 at PageID 46), the conclusion is the same regarding the defects in the Amended Complaint's causation allegations. Specifically, there are no factual allegations in the Amended Complaint causally connecting the Symptoms with the approximate hour it took SPC-Millington staff to transport Goyer to Methodist Le Bonheur Healthcare. In other words, Goyer does not demonstrate that the supposed time-delay in transportation to outside medical care "more likely than not" caused the Symptoms and was a "substantial factor" in bringing them about. For example, Goyer's "other specified diabetes with ketoacidosis" and "sepsis" suggest longstanding health conditions that arose over a period of time, rather than injuries that occurred solely because of a roughly one hour wait for outside medical care. (*See* ECF No. 1-2 at PageID 12.)

9

Goyer's frustration with federal facility staffing shortfalls, which might be occasioned by budgetary constraints, may be understandable. (*See* ECF No. 1 at PageID 4-5 (alleging "suffer[ing]" and "punishment]" in Goyer's holding cell while awaiting proper [outside] medical attention" because "SPC-Millington does not have medical staff available 24 hours").) Nevertheless, staffing levels at federal correctional institutions do not, without more, demonstrate negligent conduct. "[T]he mere occurrence of an injury does not prove negligence … Proof of negligence without proof of causation is nothing." *Kilpatrick v. Bryant*, 868 S.W.2d 594, 599 (Tenn. 1993). Goyer's protests about medical staff availability and medical care wait times do not demonstrate the causation element of his negligence claim under the FTCA.

Goyer has not alleged sufficient facts showing that his injuries suffered during the Incident were caused by USA's (1) supposed failure to follow the Procedure's reporting requirements and (2) supposed failure to call 911 immediately when learning of Goyer's condition from another inmate. Even accepting the Amended Complaint's factual allegations as true for the purpose of PLRA screening, Goyer has not shown that: (1) "it is more likely than not that the conduct of the defendant was a cause in fact of the result", *see McClain v. United States*, 996 F. Supp. 2d 683, 692 (M.D. Tenn. 2014) -- *i.e.*, but-for causation; or (2) the USA's conduct "must have been a 'substantial factor' in bringing about the harm being complained of", *see Kim v. State of Tennessee*, 622 S.W.3d 753, 760 (Ct. App. Tenn. 2020) (citations omitted) -- *i.e.*, proximate cause. For these reasons, the Amended Complaint's FTCA claim against the USA arising (1) from the Incident and (2) from alleged malpractice during the period January 20, 2018 through January 19, 2021 (*i.e.*,

the Claim Dismissed Without Prejudice) is DISMISSED WITH PREJUDICE for failure to allege facts stating a claim to relief.[6]

### IV.     AMENDMENT UNDER THE PRISON LITIGATION REFORM ACT, 28 U.S.C. §§ 1915, *ET SEQ.*

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA").  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

---

[6] To the extent the Amended Complaint alleges (a) a claim under the FTCA against Ashe, (b) a claim of deprivation of medical care against Ashe and the USA, and (c) a claim of excessive force against Ashe and the USA, such claims were dismissed with prejudice in the Screening Order.  There are no allegations in the Amended Complaint persuading the Court to reach a different conclusion.  (*See* ECF No. 6 at PageID 28-29 & 36-38; ECF No. 8 at PageID 45 & 48.)

11

The Screening Order granted leave to amend.  (*See* ECF No. 6 at PageID 39-40.)  Further opportunity to amend would be futile.  The Court DENIES leave to amend the Amended Complaint.

## I.     APPELLATE ISSUES

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Goyer would be taken in good faith.  *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999).  Under Fed. R. App. P. 24(a), if the District Court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization unless the District Court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." Fed. R. App. P. 24(a)(3)(A).  If the District Court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  *Id.*  "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis.*" *DePriest v. Prestress Servs., Inc.*, No. 13-2768, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)).  Given that Goyer's Amended Complaint is dismissed for failure to state a claim to relief, the Court finds that an appeal by Goyer would not be taken in good faith.  The Court CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that any appeal here by Goyer would not be taken in good faith.  The Court DENIES leave to proceed on appeal *in forma pauperis*.  If Goyer appeals, he must pay the five hundred and five dollar ($505.00) appellate filing

fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the United States Court of Appeals for the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5)

### II. NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Goyer's future filings, if any, the Court RECOMMENDS that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

### III. CONCLUSION

For the reasons set forth above:

A. The Amended Complaint (ECF No. 8) is DISMISSED WITH PREJUDICE in its entirety for failure to state a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Leave to amend the Amended Complaint is DENIED.

B. This case is DISMISSED in its entirety. The Court RECOMMENDS that the dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons*, 996 F.3d 350.

C. The Court CERTIFIES that an appeal would not be taken in good faith.

D. The Court DENIES leave to proceed *in forma pauperis* on appeal. If Goyer appeals, he must pay the full five hundred and five dollar ($505.00) appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. Fed. R. App. P. 24(a)(5).

   E. The Clerk is DIRECTED to mail a copy of the instant Order to Goyer (1) at the FCI-Milan and (2) at the RRM-Nashville.  (*See* ECF No. 8 at PageID 73 (Goyer's May 5 Motion, listing his address as the FCI-Milan); and https://www.bop.gov/inmateloc/ (the BOP inmate locator website, showing Goyer's address as the Residential Reentry Management Office in Nashville, Tennessee) (last accessed Jan. 16, 2024).)

   F. The Clerk is directed to mark this case CLOSED.

 IT IS SO ORDERED, this 16th day of January, 2024.

             /s/ **John T. Fowlkes, Jr.**.
            JOHN T. FOWLKES, JR.
            UNITED STATES DISTRICT JUDGE